### In re CITIGROUP, INC., CAPITAL ACCUMULATION PLAN LITIGATION.

**Johnie F. Weems, III, on behalf of himself and others similarly situated, Plaintiffs,**

v.

**Citigroup, Inc., Travelers Group, Inc., Salomon Smith Barney Holdings, Salomon Smith Barney Inc., and Primerica Financial Services, Inc., Defendants.**

**No. MDL–1354 (REK).**

United States District Court, D. Massachusetts.

June 27, 2001.

Mart Vehik, McMath, Vehik, Drummond, Harrison & Ledbetter, P.A., Little Rock, AR, Cynthia A. Langston, Langston & Associates, Jackson, MS, Richard L. Coffman, Beaumont, TX, Thomas E. Towe, Billings, MT, William R. Stokes, Jr., John L. Jernigan, Stokes, Jernigan & Stokes, P.C., Brewton, AL, John A. Day, Branham & Day, P.C., Nashville, TN, Allan O. Walsh, McKay, Burton & Thurman, Salt Lake City, UT, Wyatt B. Durrette, Jr., Douglas Scott, Durrette, Irvin & Bradshaw, Richmond, VA, for Johnie F. Weems.

James R. Carroll, Skadden, Arps, Slate, Meagher & Flom, Boston, MA, Seth M. Schwartz, Skadden, Arps, Slate, Meagher & Flom, LLP, New York City, Lawrence E. Allison, Jr., Thomas Michael Cronin, Brunini, Grantham, Grower & Hewes, Jackson, MS, for defendants.

## MEMORANDUM IN EXPLANATION AND
## PRACTICE AND PROCEDURE ORDER
### UNDER 28 U.S.C. § 1407(a)
### Order No. 6
### June 27, 2001

KEETON, District Judge.

The next **Case Management Conference (CMC)** is set for **September 14, 2001, at 1:00 p.m.** The next **Case Management Conference (CMC)** after that is set for **December 14, 2001, at 1:00 p.m.**

*Practice and Procedure Order No. 6 supercedes Practice and Procedure Orders 1–5.*

### *Memorandum in Explanation*
### I. Proceedings of June 8, 2001

At the Case Management Conference on June 8, 2001, the court made the following rulings after hearing arguments of counsel:

(1) The motion for a Protective Order that was filed as a part of Docket No. 18 (filed January 18, 2001) has been previously allowed subject to appropriate modifications and the Clerk is now directed to DISMISS Docket No. 18 as a pending motion.

(2) Plaintiff Slutzky's Motion to Participate in Case Management Conference By Telephone (Docket No. 65, filed May 14, 2001) was allowed in that the participation was authorized, and the Clerk is now directed to DISMISS Docket No. 65 as a pending motion.

(3) Counter–Defendant Lomas's Motion for Summary Judgment (Docket No. 68, filed May 21, 2001) is ALLOWED to the extent that it invalidates the counterclaim insofar as it asserts that the plaintiffs have to restore all benefits they have received. In all other respects, this motion is DENIED.

(4) Defendant Primerica Financial's Motion for Judgment on the Pleadings Dismissing Counts I, II and III of the Second Amended Complaint (Docket No. 72, filed May 24, 2001) is DENIED.

(5) Plaintiffs' Motion to Strike Opinions in Affidavits (Docket No. 88, filed June 7, 2001) is ALLOWED. This order strikes the statements of opinion from being considered as opinion evidence. Those statements are not adequately supported by reasoned explanation to make them acceptable either as expert opinions or as lay opinions. In order to ensure fairness, the court will treat the statements of opinion filed on behalf of plaintiffs in exactly the same way because on the record now before the court they, too, are not adequately supported by reasoned explanation to make them acceptable either as expert opinions or as lay opinions.

(6) Motions for class certification (Docket Nos. 52, 54, 55, and 57) were taken under advisement for rulings to be made and explained in the Memorandum in Explanation and Practice and Procedure Order No. 6, which is being released in this document.

### II. The Motions for Class Certification

### A. Proposed Definitions That are Overlapping and Conflicting

The four pending motions for class certification are recited immediately below:

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Representative Plaintiff Johnie F. Weems, III

("Weems" or the "Representative Plaintiff"), on behalf of himself and all others similarly situated, respectfully moves this Court to enter an order certifying that this action may be prosecuted as a class action on behalf of the following Class of persons:

> All persons in the United States and other United States jurisdictions formerly employed by the Defendants who invested their earned compensation (i.e., wages, commissions and/or bonuses) in the restricted stock of Citigroup, Inc., Travelers Group, Inc., Travelers, Inc. and/or Primerica Corporation through the Defendants' Capital Accumulation Plan, and who forfeited such restricted stock when their employment by the Defendants terminated.

Weems further moves this Court to appoint him as the Representative Plaintiff of the certified Class, and appoint his counsel as Class Counsel.

In support of his motion, Weems relies upon his Memorandum of Law, his Affidavit, his counsels' Affidavits, and various other pertinent documents (all of which are attached as exhibits to his Memorandum of Law), as well as his pleadings on file in this action. The Defendants oppose this motion.

Docket No. 52 at 1–2.

Plaintiffs, Jerrold E. Slutzky ("Slutzky"), individually and on behalf of all others similarly situated, pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure, file this Motion for Class Certification. As demonstrated below, all the prerequisites of Fed. R.Civ.P. 23(a) and (b) have been met and, accordingly, this Court should certify a class on behalf of the following:

> All individuals formerly employed by Salomon Smith Barney ("Smith Barney") in Florida who participated

in the Citigroup Capital Accumulation Plan or the Travelers Group Capital Accumulation Plan (the "Plan"), and lost the right to receive shares of stock and/or options under the terms of the Plan, and/or did not receive earned income while employed by Smith Barney. The class will include all participants who, after the date of class certification, lose the right to stock, options and/or earned income under the Plan upon termination of their employment with Salomon Smith Barney and/or Citigroup.

Docket No. 54 at 1–2.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiffs Maxwell Peckler, Gary H. Cohen, James B. Pinder, and Avery L. Williams ("the Massachusetts Plaintiffs"), together with plaintiff William Lomas ("the Connecticut Plaintiff") (collectively, "Plaintiffs") respectfully move for an order certifying a plaintiff class in each of their respective actions.

The Massachusetts Plaintiffs seek certification of the following class ("the Massachusetts Class"):

> All persons who terminated their employment with defendants or defendants' wholly owned subsidiaries in Massachusetts during the period from December 3, 1993 to the date of judgment ("the Massachusetts Class Period") and as a consequence forfeited a portion of their compensation, pursuant to the terms of defendants' Capital Accumulation Plan.

The Connecticut Plaintiff seeks certification of the following class ("the Connecticut Class"):

> All persons who terminated their employment with defendants or defendants' wholly owned subsidiaries in Connecticut during the period from March 13, 1994 to the date of judg-

ment ("the Connecticut Class Period") and as a consequence forfeited a portion of their compensation, pursuant to the terms of defendants' Capital Accumulation Plan.

Plaintiffs also respectfully request that they be certified as the class representatives of their respective classes.

In support of their motion, Plaintiffs rely on their Joint Memorandum of Law, the Affidavit of their counsel, Michael Collora, dated April 30, 2001, and the materials annexed thereto, all of which are lodged under seal with Judge Robert E. Keeton, pursuant to Practice and Procedure Order No. 4 and the Confidentiality Stipulation dated January 10, 2001.

Docket No. 55 at 1–2.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiffs Maxwell Peckler, Gary H. Cohen, James B. Pinder, and Avery L. Williams ("the Massachusetts Plaintiffs"), together with plaintiff William Lomas ("the Connecticut Plaintiff") (collectively, "Plaintiffs") respectfully move for an order certifying a plaintiff class in each of their respective actions.

The Massachusetts Plaintiffs seek certification of the following class ("the Massachusetts Class"):

All persons who terminated their employment with defendants or defendants' wholly owned subsidiaries in Massachusetts during the period from December 3, 1993 to the date of judgment ("the Massachusetts Class Period") and as a consequence forfeited a portion of their compensation, pursuant to the terms of defendants' Capital Accumulation Plan.

The Connecticut Plaintiff seeks certification of the following class ("the Connecticut Class"):

All persons who terminated their employment with defendants or defendants' wholly owned subsidiaries in Connecticut during the period from March 13, 1994 to the date of judgment ("the Connecticut Class Period") and as a consequence forfeited a portion of their compensation, pursuant to the terms of defendants' Capital Accumulation Plan.

Plaintiffs also respectfully request that they be certified as the class representatives of their respective classes.

In support of their motion, Plaintiffs rely on their Joint Memorandum of Law, the Affidavit of their counsel, Michael Collora, dated April 30, 2001, and the materials annexed thereto, all of which are lodged under seal with Judge Robert E. Keeton, pursuant to Practice and Procedure Order No. 4 and the Confidentiality Stipulation dated January 10, 2001.

Docket No. 57 at 1–2.

Even a very quick comparison of the text of these four proposals shows overlapping. One form of overlapping is that Docket Nos. 55 and 57, jointly filed by proposed Massachusetts and Connecticut plaintiffs, are duplicative. This poses no problem other than possible confusion that I hope will be reduced by the court's calling attention to the duplication here.

Other forms of overlapping are more serious because of likelihood of some conflict that would require some form of limitation of one or more of the proposals before a court could possibly allow all four class certifications, even if they were otherwise found to be appropriate. Closer examination suggests a kind of order that probably would be the most promising approach to fashioning a method of proceeding that is consistent with all requirements for class actions, and in particular the requirement that common issues predomi-

nate over issues of fact and law that would have to be decided for individual claimants (or perhaps numerous groupings of claimants presenting only common issues within each separate group) before final disposition, or remand of unfinished cases to transferor courts, could occur. That kind of order is one that limits each certified class geographically to claimants residing within a single state, so only that state's law could identify the applicable law and define the nature of the facts that would have to be resolved to determine the merits of class and individual claims. The remainder of this Memorandum in Explanation considers some of the additional concerns that may need to be addressed in pursuing this most promising course.

### III. A Tentative Solution

Unless the parties prefer redrafting to use more similar language apart from the intended geographical differences, a Florida class might be defined as follows:

All individuals formerly employed by Salomon Smith Barney ("Smith Barney") in Florida who participated in the Citigroup Capital Accumulation Plan or the Travelers Group Capital Accumulation Plan (the "Plan"), and lost the right to receive shares of stock and/or options under the terms of the Plan, and/or did not receive earned income while employed by Smith Barney. The class will include all participants who, after the date of class certification, lose the right to stock, options and/or earned income under the Plan upon termination of their employment with Salomon Smith Barney and/or Citigroup.

A Connecticut class might be defined as follows:

All persons who terminated their employment with defendants or defendants' wholly owned subsidiaries in Connecticut during the period from March 13, 1994 to the date of judgment ("the Connecticut Class Period") and as a consequence forfeited a portion of their compensation, pursuant to the terms of defendants' Capital Accumulation Plan.

A Massachusetts class might be defined as follows:

All persons who terminated their employment with defendants or defendants' wholly owned subsidiaries in Massachusetts during the period from December 3, 1993 to the date of judgment ("the Massachusetts Class Period") and as a consequence forfeited a portion of their compensation, pursuant to the terms of defendants' Capital Accumulation Plan.

With recognition that a revision of this definition is likely, a Weems class might be defined initially as follows:

All persons and entities *in Mississippi, and to the extent of common issues of law and fact concerning validity or invalidity under applicable federal law (procedural and substantive) of provisions purportedly limiting relief to claimants either individually or as members of the class,* all persons or entities in the United States and other United States jurisdictions formerly employed by the Defendants who invested their earned compensation (i.e., wages, commissions and/or bonuses) in the restricted stock of Citigroup, Inc., Travelers Group, Inc., Travelers, Inc. and/or Primerica Corporation through the Defendants' Capital Accumulation Plan, and who forfeited such restricted stock when their employment by the Defendants terminated.

(Emphasis added to facilitate reference.)

The emphasized passage in this tentative form of a Weems class definition is a suggestion the court places before all interested parties for more thorough exploration.

### IV. Provisional Rulings

In the Case Management Conference of June 8, 2001, the court took under advisement the motions for certification presented in Docket Nos. 52, 54, 55, and 57, with the prospect of making rulings in Practice and Procedure Order No. 6, which is being issued along with this Memorandum in Explanation.

Having formulated the tentative class definitions presented in Part III, immediately above, and having considered further the likelihood that proceeding in these consolidated cases in this way would be the most promising method for identifying common rules of procedural and substantive law that would facilitate progress toward feasible consolidated class proceedings in which common issues would predominate, I now make the ruling that until this or a higher court orders otherwise, this is and will be the method of proceeding for In Re Citigroup, Inc., Capital Accumulation Plan Litigation, MDL–1354 (REK).

Accordingly, subject to the terms and conditions explained in Part III, above, and in this Part IV of this Memorandum in Explanation, I will, in Practice and Procedure Order No. 6, below, provisionally certify classes defined in the way recited in Part III, above.

### Practice and Procedure Order No. 6

1. Until further notice, each document presented to the Clerk of the United States District Court for the District of Massachusetts in this MDL proceeding is to have the same caption as this Procedural Order, followed by the descriptive caption of the document itself. The cases (including cases filed in this court and all transferred and consolidated actions) to which this Order applies, on the date of this Order, are the following:

D.MASS. C.A. No. 00–10055–REK (Peckler, et al. v. Citigroup, Inc., et al.)

D.MASS. C.A. No. 00–11862–REK (Berman, et al. v. Travelers Group, Inc., et al.) S.D.Fla. No. 9:00–8299

D.MASS. C.A. No. 00–11863–REK (Lomas v. Citigroup, Inc., et al.) D.Conn. No. 3:00–674

D.MASS. C.A. No. 00–11910–REK (Slutzky v. Smith Barney, Inc., et al.) M.D.Fla. No. 8:00–615

D.MASS. C.A. No. 00–11912–REK (Weems v. Citigroup, Inc.) S.D.Ms. No. 00–CV–76

2. This Order governs the practice and procedure in those actions transferred to this court by the Judicial Panel on Multidistrict Litigation by their Order of August 29, 2000, as well as all related actions originally filed in this court or transferred or removed to this court. These civil actions are listed in paragraph 1 above. This Order, in its present form and as amended, will also govern the practice and procedure in any tag-along actions transferred to this court by the Judicial Panel on Multidistrict Litigation under Rule 12 of the Rules of Procedure of that Panel after the filing of the final transfer order by the Clerk of this court and any related actions later filed in this court or otherwise transferred or removed to this court.

3. Consolidation and Class Action Status

a. The actions described in paragraph 1 of this Order are consolidated for pretrial purposes.

b. The following classes are hereby provisionally certified, and this certification of class action status will remain in effect until otherwise ordered by a judge of this or a higher court:

A Florida class defined as follows:

All individuals formerly employed by Salomon Smith Barney ("Smith Barney") in Florida who participated in the Citigroup Capital Accumulation Plan or the Travelers Group Capital Accumulation Plan (the "Plan"), and lost the right to receive shares of stock and/or options under the terms of the Plan, and/or did not receive earned income while employed by Smith Barney. The class will include all participants who, after the date of class certification, lose the right to stock, options and/or earned income under the Plan upon termination of their employment with Salomon Smith Barney and/or Citigroup.

A Connecticut class defined as follows:

All persons who terminated their employment with defendants or defendants' wholly owned subsidiaries in Connecticut during the period from March 13, 1994 to the date of judgment ("the Connecticut Class Period") and as a consequence forfeited a portion of their compensation, pursuant to the terms of defendants' Capital Accumulation Plan.

A Massachusetts class defined as follows:

All persons who terminated their employment with defendants or defendants' wholly owned subsidiaries in Massachusetts during the period from December 3, 1993 to the date of judgment ("the Massachusetts Class Period") and as a consequence forfeited a portion of their compensation, pursuant to the terms of defendants' Capital Accumulation Plan.

A Weems class defined as follows:

All persons and entities *in Mississippi, and to the extent of common issues of law and fact concerning validity or invalidity under applicable federal law (procedural and substantive) of provisions purportedly limiting relief to claimants either individually or as members of the class,* all persons or entities in the United States and other United States jurisdictions formerly employed by the Defendants who invested their earned compensation (i.e., wages, commissions and/or bonuses) in the restricted stock of Citigroup, Inc., Travelers Group, Inc., Travelers, Inc. and/or Primerica Corporation through the Defendants' Capital Accumulation Plan, and who forfeited such restricted stock when their employment by the Defendants terminated.

c. The filings, copying, and maintenance of files of pleadings and other papers are subject to the rules stated in this Practice and Procedure Order No. 6.

4. Pleadings, other papers

a. Only a signed original of any pleading or paper is to be filed; no copies are to be filed. Unless otherwise ordered by an Amendment of this Order, all papers filed in these actions are to have the same caption as that of this Order. When a paper relates to all these actions, MDL–1354 (REK), D.Mass. C.A. No. 1:00–11912–REK, will be followed only by the notation "ALL CASES." If the paper does not relate to all of these actions the individual docket numbers of only those civil actions to which the paper relates (that is, the numbers assigned by the Clerk of this court, as listed in paragraph 1 of this Order) are also to be listed.

b. A document depository may be established by Michael Collora and David Bunis of Dwyer & Collora, LLP, of Boston, Massachusetts. They may designate a paralegal or other responsible person to manage the day-to-day affairs of the Depository.

5. Any paper that is to be filed in any of these actions is to be filed with the

Clerk of this court and not with the transferor district court.

6. Counsel who appeared in the transferor district court before the transfer need not enter a separate appearance before this court.

7. Service

a. Before the next Case Management Conference, service of all papers is to be made on each of the attorneys on the Panel Attorney Service List attached to this Order as Schedule A.

b. Any attorney who wishes to have his or her name added to or deleted from the Panel Attorney Service List may file a request with the Clerk of this court with notice to all other persons on the service list. Service is sufficient if made upon all attorneys on the Panel Attorney Service List.

c. Only one attorney for each party separately represented is to be included on the Panel Attorney Service List.

8. Liaison Counsel and Related Matters

a. Counsel for each group of parties whose interests are similarly aligned have chosen to designate Liaison Counsel, approved by the court. Liaison Counsel for plaintiffs are:

Michael Collora, Esq.

Dwyer & Collora, LLP

Federal Reserve Plaza

600 Atlantic Avenue

Boston, MA 02210–2211

617–371–1002

617–371–1037 (FAX)

b. Liaison Counsel's responsibilities and authority are limited to (i) serving as liaison with the court in connection with administrative matters, (ii) assisting all other plaintiffs' counsel in filing papers and communicating with the court, (iii) communicating with counsel in subsequently filed and transferred related actions, and (iv) generally coordinating plaintiffs' common activities.

c. Liaison counsel are authorized to receive orders and notices from the court on behalf of all parties and are to be responsible for the preparation and transmittal of copies of orders and notices to the parties.

d. Liaison counsel are required to maintain complete files with copies of all documents served upon them and will make such files available to parties upon request.

e. Liaison counsel are also authorized to receive orders and notices, on behalf of all parties, from the Judicial Panel on Multidistrict Litigation under Rule 8(e) of the Panel's Rules of Procedure and are to be responsible for the preparation and transmittal of copies of orders and notices to the parties.

f. MDL–1354 Discovery. Except as provided in paragraph h, *infra*, fourteen days after the signing of this Order, defendants will submit to the Depository one copy of each of the following materials produced in any action consolidated under MDL–1354: (1) any document produced to date by defendants; and (2) any answer by defendants to date to an interrogatory. If Michael Collora or David Bunis have already been furnished with said documents or answers, defendants shall not be required to furnish them again if the documents or answers are adequately identified by defendants.

g. State Action Discovery. Except as provided in paragraph h, *infra*, defendants have submitted to the Depository one copy of each of the following materials produced to date in any state court action challenging Defendants' Capital Accumulation Plan(s) (hereinafter "state court actions"): (1) any document pro-

duced by defendants in response to a document request; (2) any answer by defendants to an interrogatory; and (3) any transcript of a deposition taken by any party before the entry of this Order. By stipulation of the parties approved by the court, the parties to the consolidated cases MDL–1354 will not object to the admissibility of any discovery material on the ground that it initially was produced in one of the State Court Actions, and the parties to the State Court Actions will not object to the admissibility of any discovery material on the ground that it initially was produced in one or more of the consolidated cases in MDL–1354.

h. Copies and Duplication. The provisions of paragraphs f and g above apply also to future discovery. The parties will not duplicate discovery that has already been submitted to the depository either in this MDL–1354 or the State Court Actions. In all future discovery requests, the responding party will deliver a copy of each document and each answer to the depository as well as serve counsel for the requesting party with copies as requested. If the requested documents exceed 50 pages in any open document request, the responding party may supply to the depository, without delivering a copy to the requesting counsel, one copy of documents or answers along with a copy of the written responses and objections to any document request made under Rule 34 of the Federal Rules of Civil Procedure. Other than as provided in the preceding sentence and in paragraphs c, d, and e above, defendants are not required to serve copies of discovery material on counsel for plaintiffs.

i. Future Depositions and Plaintiff Production. It will be the responsibility of the plaintiffs' counsel taking or arranging for any deposition in this consolidated MDL–1354 case to submit one copy of that deposition to the Depository. Each plaintiffs' counsel who produces any documents or answers any written discovery in this case under Rules 33 or 34 of the Federal Rules of Civil Procedure will submit one copy of each document or answer to the Depository. Any depositions taken in the future and any documents produced by plaintiffs or responses of plaintiffs to written discovery in either the consolidated MDL–1354 cases or the State Court Actions not required to be furnished to the Depository by defendants may be delivered to the Depository by the plaintiffs' counsel arranging, producing, or responding to the discovery occurring or proposed.

j. Numbering System. The attorneys in charge of the Depository will implement a numbering system of all documents, depositions, and responses using a bates stamp numbering system. The numbering system will use the system already in place in the California State case to the extent it can be used efficiently. The attorneys in charge of the Depository will also develop and maintain an index of all documents, depositions, and responses received. Only counsel for plaintiffs listed in any of the consolidated cases in MDL–1354 and counsel for plaintiffs in any State Court Action have the right to access to all documents, depositions, and responses in the Depository, including the right to copy such documents, depositions, and responses. Every document, deposition, and response in the Depository containing a bates stamp number of this Depository will be treated as a document produced in this case.

9. Upon remand of any of these actions the parties will be required to provide to this court and the court to which the action

is remanded copies of any necessary and relevant papers previously filed.

10. No party to any of these actions is required to obtain local counsel in this district, and the requirements of Rule 83.5.3(b) of the Local Rules of this court do not apply to any attorney who is duly admitted to practice before any United States court and is appearing in this court only in these actions.

11. Hearings will not be held on any motions filed unless so ordered by the court and after such notice as the court directs.

12. Any paper filed in any of these actions that is substantially identical to any other paper filed in another of these actions may incorporate by reference the paper to which it is substantially identical and need not attach that paper or quote it. If counsel for more than one party plan to file substantially identical papers, they are to join in the submission of the papers and file only one paper on behalf of all so joined.

13. Any orders (including protective orders) previously entered by this court or any transferor district court remain in effect unless modified by this court upon application or upon this court's initiative.

14. Discovery proceedings are subject to the following rules:

a. No discovery requests, responses, or other documents will be filed with the Clerk of this court except by Liaison Counsel.

b. Any filing of discovery documents with the Clerk of this court must be approved, in advance of the filing, by the judge.

c. All discovery proceedings in these actions not authorized in this Order will not proceed between this date and the date of the next Case Management Con-

ference over the objection of any interested person or entity.

d. Discovery relevant to implementation or modification of class action certification may proceed.

e. The time requirements to perform any acts or file any papers under Rules 26 through 37, *Federal Rules of Civil Procedure*, are tolled until the next Case Management Conference, at which time an amended discovery schedule may be established. Absent amendment, the discovery schedule remains as stated in this Order.

15. The court will be guided by the *Manual for Complex Litigation, Third.* Counsel are directed to familiarize themselves with that publication.

16. The parties have made and complied with the following stipulation, approved by the court:

Defendants hereby withdraw without prejudice (a) the motion to stay or dismiss previously filed in *Weems v. Citigroup, Inc., et al.,* D.Mass. C.A. No. 00–11912–REK on June 5, 2000, (b) the motion to dismiss previously filed in *Slutzky v. Smith Barney, Inc., et al.,* D.Mass., C.A. No. 00–11912–REK on April 19, 2000 ("Slutzky"); and the motion to stay or dismiss previously filed in *Berman v. Travelers Group, Inc., et al.,* D.Mass., C.A. No. 00–11912–REK on May 9, 2000 ("Berman"). Defendants have answered or otherwise responded to the complaints in *Slutzky* and *Berman,* and *Lomas v. Citigroup, Inc., et al.,* D.Mass. C.A. No. 00–11863–REK.

17. Counsel for all parties are directed to cooperate with one another, whenever possible, to promote the expeditious handling of pretrial proceedings in this action and any subsequently consolidated actions.

18. Any exchange or disclosure of information or documents between or among

counsel for the plaintiff(s) or between counsel for defendants in connection with this action and any subsequently consolidated actions will not be construed as a waiver of any attorney-client, attorney work product, or other privilege.

19. All other matters will be open to consideration at the next **Case Management Conference,** to be held on **September 14, 2001, at 1:00 p.m.** All counsel, if able to agree, are directed to file, on or before August 31, 2001, a Joint Proposed Agenda for the next Case Management Conference. If unable to agree, counsel are to file separate submissions on or before that date.

20. The complaint to which a reader may now go to find the claims before this court in this consolidated proceeding is the First Amended Class Action Complaint (Docket No. 6, filed November 22, 2000).

The pleading to which a reader may now go to find the answer and counterclaim now before this court in this consolidated proceeding is the Answer and Counterclaim (Docket No. 12, filed December 19, 2000).

The answer by plaintiffs to the counterclaim is Docket No. 22, filed February 1, 2001.

The complaints, pleadings, and any counterclaims that have been filed in the individual actions, which are somewhat different from those in the consolidated proceeding, may be found in the individual case files themselves.

The complaint to which a reader may now go to find the claims before this court in Civil Action 00–10055–REK is the First Amended Complaint (Docket No. 13, filed March 17, 2000).

The pleading to which a reader may now go to find the answer and counterclaim now before this court in Civil Action 00–10055–REK is the Answer, Affirmative Defenses and Counterclaims (Docket No. 37, filed November 3, 2000).

The answer by plaintiffs to the counterclaims is Docket No. 38, filed February 9, 2001.

The complaint to which a reader may now go to find the claims before this court in Civil Action 00–11862 is the Class Action Complaint, Docket No. 1, which was originally filed in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, on March 7, 2000.

The complaint to which a reader may now go to find the claims before this court in Civil Action 00–11863–REK is the Class Action Complaint, Docket No. 1, which was originally filed in Superior Court, Judicial District of Hartford, Connecticut, on March 10, 2000.

The complaint to which a reader may now go to find the claims before this court in Civil Action 00–19110–REK is the Class Action Complaint, Docket No. 3, which was originally filed in the United States District Court, Middle District of Florida, on January 4, 2000.

21. The Confidentiality Stipulation and Protective Order (Docket No. 18, filed January 18, 2001) is approved by this court subject to the following terms and conditions:

a. No document claimed to be subject to this order may be filed with the Clerk without advance approval in writing by the court. This requirement is imposed for the protection of the interests of the parties against risks of accidental disclosure and to conserve scarce storage space and time of court personnel.

b. The proposed Confidentiality Stipulation and Protective Order is subject to further modification by order of this court, on the court's own initiative or

upon motion by any person having an interest affected by the order, for good cause shown. This paragraph applies to any provision regarding "closing the courtroom" during a hearing and excluding observers, including representatives of media.

22. The only matters now pending for decision are those incident to the invitation to all interested parties to file submissions proposing an agenda for the next CMC, now set for September 14, 2001. The motions to remand that were filed in Civil Action 00–11862–REK (Docket No. 2), Civil Action 00–11863–REK (Docket No. 2), and Civil Action 00–11910–REK (Docket No. 4) before the MDL panel transferred the cases to this court have been denied.

23. Unless the court requires attendance in person because of special circumstances, counsel who wish to participate in Case Management Conferences by telephone may do so rather than appearing in person. If more than two persons make such a request, however, the court's telephone conference facilities are inadequate; in that event, counsel must set up arrangements for the conference call. In either event, counsel wishing to participate by telephone must, at least 24 hours before the time of the conference, call Deputy Clerk Craig Nicewicz, 617–748–9158, to confirm whatever arrangement is proposed.

### Schedule A

#### Panel Attorney Service List

**For Plaintiffs:**

Richard L. Coffman
550 Fannin St.
Suite 1212
Beaumont, TX 77701
409-832-9422
409-832-9901 (FAX)
Michael A. Collora
Dwyer & Collora, LLP

Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2211
617-371-1002
617-371-1037 (FAX)
Ashley D. Posner
10850 Wilshire Blvd., Suite 1245
Los Angeles, CA 90024
310-475-8520
310-474-1901 (FAX)
Bruce H. Nagel
Nagel, Rice, Dreifuss & Mazie
301 South Livingston Avenue
Livingston, NJ 07039
973-535-3100 ext. 110
973-535-3373 (FAX)

**For Defendants:**

Seth M. Schwartz
Skadden, Arps, Slates, Meagher & Flom, LLP
Four Times Square
New York, NY 10036
212-735-3000